IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SOUNDCLEAR TECHNOLOGIES LLC,**

    **Plaintiff,**

v.                                                  Civil Action No. 3:24-cv-00540

**GOOGLE LLC,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Google LLC's ("Google") Unopposed Motion to Stay Pending *Inter Partes* Review (the "Motion to Stay" or the "Motion").[1] (ECF No. 47.) In the Motion, Google "moves this Court for an order staying this case pending resolution of the inter partes review proceedings regarding patients that Plaintiff SoundClear Technologies LLC ('SoundClear') has asserted in this case." (ECF No. 47, at 1.) Google represents that "SoundClear stated that it does not believe a stay is justified or appropriate" but "that for purposes of economy and efficiency, it will not oppose the relief set forth in [the Motion]."[2] (ECF No. 48, at 16, n.16.)

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

[2] Google further represents that "SoundClear declined to oppose the motion solely in view of the particular circumstances at issue in connection with the present motion (e.g., Judge Trenga having granted a motion to stay in Amazon II, in which the same patents are at issue) and not based upon SoundClear's view of the merits of the motion." (ECF No. 48, at 16, n.12.)

For the reasons articulated below, the Court will grant the Motion to Stay and will stay this action. (ECF No. 47.)

## I. Procedural Background

### A. District Court Proceedings

On July 25, 2025, SoundClear filed the Complaint in this action. (ECF No. 1.) The Complaint alleges that certain of Google's products and services infringe the three asserted patents—U.S. Patent Nos. 11,069,337 ("the '854 patent"), 11,244,675 ("the '675 patent"), and 9,223,487 ("the '487 patent"). (ECF No. 1, at 2–33.) On September 30, 2024, Google filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Under Rule 12(b)(6). (ECF No. 16.)

On November 11, 2024, Google filed a Notice of Supplemental Authority "to bring to the Court's attention a recent Order [issued November 8, 2024] by Judge Anthony Trenga in the Eastern District of Virginia, Alexandria Division, in *SoundClear Technologies, LLC v. Amazon.com, Inc.*, No. 1:24-cv-01283-AJT-WBP . . . invalidating [the '487, '337, and '675 patents] based on patent ineligibility under 35 U.S.C. § 101." (ECF No. 39; *see also* ECF No. 39-1.)

Approximately two months later, on January 16, 2025, SoundClear filed a Notice of Supplemental Authority to bring to the Court's attention a recent Order by Judge Anthony Trenga in the Eastern District of Virginia, Alexandria Division, in *SoundClear Technologies, LLC v. Amazon.com, Inc.*, No. 1:24-cv-01283-AJT-WBP", which "granted in part and denied in part SoundClear's Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e)." (ECF No. 45, at 1.) Judge Trenga's Order, issued on January 10, 2025, affirmed that court's November 8, 2024 Order as to the '487 patent, but granted SoundClear's Motion to Alter

Judgment as to the '337 and '675 patents, for which the court found "a plausible claim for patent validity exists." (ECF No. 45-1, at 3–4.)

On April 8, 2025, Google filed the instant Motion to Stay. (ECF No. 47.)

### B.  *Inter Partes* Review Proceedings

"[A] person who is not the owner of a patent may file with the [Patent Trial and Appeal Board ('PTAB') of the United States Patent and Trademark Office] a petition to institute an inter partes review of the patent" challenging the patent's validity. 35 U.S.C. § 311. The PTAB institutes *inter partes* review (IPR) if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314. "If IPR is instituted, the PTAB must execute a formal written decision within a year, but that deadline can be extended by six months for 'good cause.'" *Sec. First Innovations, LLC v. Google LLC*, No. 2:23-cv-97, 2024 WL 234720, at *1 (E.D. Va. Jan. 22, 2024) (quoting 35 U.S.C. § 316).

On January 31, 2025, Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. filed a Petition for *Inter Partes* Review of the '337 patent. (ECF No. 49-1.) On February 27, 2025, the same entities filed a Petition for *Inter Partes* Review of the '675 patent. (ECF No. 49-2.)

### II. Standard of Review

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "When a party other than the patent owner or a real party in interest files an IPR petition, the decision to stay district court proceedings 'is left to the district court's discretion.'" *Sec. First Innovations*, 2024 WL 234720,

3

at *1 (quoting *Sharpe Innovations, Inc. v. T-Mobile USA*, No. 2:17-cr-351, 2018 WL 11198604, at *2 (E.D. Va. Jan. 10, 2018)); *see also Va. Innovation Sciences, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:14-cv-217 (MSD), 2014 WL 13059257, at *1 (E.D. Va. Nov. 18, 2014) (noting that although "the Leahy-Smith America Invents Act does not contain a mandatory provision requiring the stay of the district court patent infringement proceedings" when an IPR petition is filed, "[t]his Court retains the discretion to stay this case pending the resolution of an IPR proceeding") (internal quotation marks omitted). "When determining whether to stay patent litigation pending IPR, district courts consider the following three factors: (1) the stage of the litigation; (2) whether the stay would simplify the issues before the court; and (3) whether the stay would unduly prejudice the nonmoving party." *Sec. First Innovations*, 2024 WL 234720, at *1–*2 (citing *Centripetal Networks, LLC v. Keysight Tech., Inc.*, No. 2:22-cv-2 (EWH), 2023 WL 5127163, at *3 (E.D. Va. Mar. 20, 2023) (collecting cases)).

### III. Analysis

Upon review of the relevant factors, the Court concludes that a stay of this action pending IPR proceedings is warranted. The Court addresses each factor in turn.

#### A. The Early Stage of the Litigation Weighs in Favor of a Stay

The early state of the litigation in this case weighs in favor of a stay. "A stay pending IPR at the early stages of a lawsuit has the potential to save a significant amount of time and effort by all parties involved through a simplification of the issues presented." *Va. Innovation Sciences*, 2014 WL 13059257, at *2 (internal citation and quotation marks omitted). Here, the case has not been set for trial, no pretrial deadlines have been established, and discovery has not begun. *See Centripetal Networks, LLC v. Keysight Tech., Inc.*, 2023 WL 5127163, at *4 (concluding that "the stage of litigation factor favors issuing a stay" when "[n]o scheduling order

has been entered and the parties have yet to begin discovery"); *Centripetal Networks, Inc. v. Cisco Sys., Inc.*, No. 2:18-cv-95 (HCM), 2019 WL 8888193, at *3 (E.D. Va. Feb. 25, 2019) (concluding that the early stage of the litigation "weighs in favor of granting a stay" when the court had not entered a scheduling order, a *Markman* hearing had not been set, and the case had not been set for trial). Thus, this factor weighs in favor of a stay.

B.     <u>**A Stay Would Simplify the Issues Before the Court**</u>

A stay in this case would simplify the issues before the Court. "A stay pending the resolution of administrative proceedings will simplify matters before the district court if the administrative proceedings have the potential to dispose of claims entirely." *Centripetal Networks, LLC v. Keysight Tech., Inc.*, 2023 WL 5127163, at *4. "Even if the administrative proceeding is unlikely to dispose of claims, a stay may simplify matters if it allows the administrative proceedings time to build a record that assists the district court's claim construction analysis." *Sec. First Innovations*, 2024 WL 234720, at *2.

This case involves three patents—the '487, '337, and '675 patents. (ECF No. 1, at 5–7.) On November 8, 2024, another court in this district held that the '487 patent is invalid under 35 U.S.C. § 101. *SoundClear Tech., LLC v. Amazon.com, Inc.*, No. 1:24-cv-01283 (AJT), 2024 WL 5237648, at *9 (E.D. Va. Nov. 8, 2024); (ECF No. 39-1, at 17.) On January 10, 2025, that court denied SoundClear's Motion to Alter Judgment as to the '487 patent. (ECF No. 45-1, at 4.) Petitions for *inter partes* review of the '337 patent and the '675 patent were filed on January 31, 2025, and February 27, 2025, respectively. (ECF Nos. 49-1; 49-2.) Therefore, the IPR proceedings have the potential to dispose of the remaining claims before the Court. "If the Court waits to grant a stay until the PTAB institutes [the] IPR petitions, the parties will necessarily engage in litigation efforts that would be duplicative of their efforts before the PTAB, which 'is

precisely what a stay seeks to avoid.'" *Sec. First Innovations*, 2024 WL 234720, at *3 (quoting *Sharpe Innovations, Inc. v. T-Mobile USA, Inc.*, No. 2:17-cr-351 (RCD), 2018 WL 11198604, at *3 (E.D. Va. Jan. 10, 2018)). Thus, this factor weighs in favor of a stay.

### C. A Stay Would Not Unduly Prejudice SoundClear

The lack of undue prejudice to SoundClear resulting from the imposition of a stay weighs in favor of granting a stay. "Whether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis omitted). "To show undue prejudice, a patentee must demonstrate that monetary damages will be insufficient to remedy their losses." *Sec. First Innovations*, 2024 WL 234720, at *4. Here, SoundClear does not seek injunctive relief its Complaint, and has never moved for injunctive relief. (ECF No. 1, at 33–34.) "While not dispositive, this fact suggests that monetary damages will be sufficient to remedy" SoundClear's alleged losses. *Id.* at *4, n.3. And monetary damages "can be determined regardless of any delay attributable to a stay." *Id.* at *4. Therefore, this factor weights in favor of a stay.

### IV. Conclusion

Because all three factors weigh in favor of a stay, the Court will grant Google's Unopposed Motion to Stay and stay this action. The Court will deny without prejudice Google's Motion to Dismiss, (ECF No. 16). *See Centripetal Networks*, 2023 WL 5127163, at *6 ("When staying a case pending administrative review, courts often deny pending motions to dismiss without prejudice

to be refiled after the stay is lifted") (citing *Centripetal Networks, Inc. v. Palo Alto Networks, Inc.*, No. 2:21-cv-137 (RCY), 2022 WL 610176, at *12 (E.D. Va. Mar. 1, 2022) (collecting cases)).

    An appropriate Order shall issue.

Date: 4/18/25  /s/
Richmond, Virginia  M. Hannah Lauck
United States District Judge